UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LYNEISHA FORD,

                                 Plaintiff,              Case No.:  09-CV-0627-S

v.


PRINCIPAL RECOVERY GROUP, INC.,

                                 Defendant.

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT PRINCIPAL RECOVERY GROUP, INC.'S
## MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FRCP

Steven M. Cohen, Esq.
**HoganWillig**
*Attorneys for Defendant*
2401 North Forest Road, Suite 301
Amherst, New York 14068
Telephone:  (716) 632-7600

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Defendant's Motion for sanctions and attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure. This Motion is made upon the grounds that both Plaintiff and her attorney knew at the time the Complaint was signed and verified that there was no factual basis for the allegations in the Complaint and said Complaint was filed for the illegitimate purpose of harassing Defendant and to delay payment of a legitimate debt. Alternatively, this motion is made on the ground that, once it became clear that there was no factual basis for the Complaint, Plaintiff failed to withdraw the claims and voluntarily dismiss the Complaint.

## STATEMENT OF FACTS[1]

It is undisputed that Plaintiff received dental services from Timothy Mahoney, D.D.S., in 2007, and failed to remit payment to Dr. Mahoney for those services, although numerous attempts to collect the outstanding balance were made by Dr. Mahoney's office. Being unable to collect the debt from Plaintiff, Dr. Mahoney referred the matter, along with numerous other accounts, to Defendant Principal Recovery Group, Inc. (hereafter "PRG") for collection.

On or about January 17, 2008 and March 9, 2009, Defendant mailed notices compliant with the Fair Debt Collection Practices Act (hereinafter "FDCPA") to Plaintiff identifying itself as a debt collector and advising Plaintiff that she had an outstanding balance of $180.39 for services rendered by Timothy Mahoney, D.D.S. It is undisputed that the notice advised Plaintiff of her right to dispute the debt within 30 days of receipt of the notice, and it is further undisputed that Plaintiff received the notice and that she did not dispute the debt.

On April 1, 2009, according to Defendant's business records, Plaintiff contacted Defendant twice by telephone. During the first telephone call, Plaintiff denied treating with Dr.

---

[1]      See Declaration of Steven M. Cohen, Esq., which provides support for all stated facts.

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

2

Mahoney, asked for his contact information, and advised Defendant that she would call back after she spoke to Dr. Mahoney's office.  Plaintiff subsequently called Defendant back, at which time she purportedly recorded the telephone conversation.

On or about July 9, 2009, Plaintiff filed a Summons and Complaint against Defendant for violations of the FDCPA, and subsequently provided a copy of a recorded telephone conversation between herself and an employee of Defendant to support the allegations in her Complaint.   It is undisputed that the recording does not contain the beginning of the conversation, and that the recording does not contain any voice other than that of Eva Toy, a former employee of Defendant. Significantly, as discussed in further detail *infra*, the allegations contained in the Complaint deliberately distort what was actually said on the recording.

At her deposition, Plaintiff was shown each page of the Summons and Complaint, which she denied ever seeing.  However, after a 24 minute break and consultation with her attorney, Plaintiff recanted her testimony stating that she had indeed reviewed those documents, and thereafter identified her signature on a Verification, which Verification was not uploaded with the Summons and Complaint to the Court's website, nor was it contained in the copy of the Summons and Complaint served on Defendant.  This document was presented to Defendant for the first time at the deposition.  In any event, Plaintiff's signature on the Verification certifies that, among other things:  (1) Plaintiff read the complaint and believes all the facts contained therein are true or were formed after reasonable inquiry; (2) the complaint is well grounded in fact and warranted by existing law, (3) was not interposed for any improper purpose, such as to harass, cause unnecessary delay to Defendant or create a needless increase in the cost of litigation, and (4) was filed in good faith and solely for the purposes set forth in it.

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

3

Plaintiff was also shown her responses to Defendant's Request for Admissions at her deposition, and again Plaintiff denied ever seeing the document, and further denied that she and her attorney had any conversations relative to the requests or the responses contained therein. Plaintiff did not recant this testimony.

Plaintiff's responses to Defendant's Request for Admission #14, 15 and 16, are significant insofar as Plaintiff was specifically asked about her recollection of the content of the first telephone call Plaintiff made to Defendant on April 1, 2009, and Plaintiff responded that she could neither admit nor deny the request because she "does not remember the exact words used during the conversation." Moreover, at her deposition, Plaintiff testified that she could not remember if Defendant's representative identified herself to Plaintiff on April 1, 2009.

Similarly, Plaintiff's responses to Defendant's Request for Admissions #3, 4, 25 and 26, are significant insofar as Plaintiff denied each of these requests, which essentially asked her to admit or deny particular statements. More specifically, plaintiff was asked to admit or deny that she responded to the January 17, 2008 notice, admit or deny that she disputed the debt documented in said correspondence, and admit or deny that she posed multiple questions to Defendant's employee regarding both Defendant's procedures for collecting debts, and the consequences of not paying a debt. While Plaintiff denied each of these Request for Admissions, she subsequently admitted at her deposition that she did not respond to the notice, that she did not dispute the debt, and that she did pose questions to Defendant's representative relative to Defendant's collection procedures and the consequence of not paying a debt.

Additionally, at Plaintiff's deposition, which was taken on June 29, 2010, she testified that she worked for not less than five (5) collection agencies as a debt collector and was trained at each one of these companies in the Fair Debt Collection Practices Act.

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

4

Based upon all discovery conducted in this matter, on or about August 27, 2010, Defendant demanded that Plaintiff withdraw her Complaint and reimburse Defendant the legal fees and disbursements it has thus far incurred in defending this action.  On August 31, 2010, Kenneth Hiller, Esq., responded to Defendant's demand via email to Steven M. Cohen, Esq., claiming, incredibly, that the innocuous statements made in the taped conversation not only constituted a threat of legal action and garnishment, but that the statements suggested that entry of a judgment was somehow inevitable.

On or about August 31, 2010, Plaintiff filed a motion to dismiss her claim for actual damages, which was granted by this Court on September 17, 2010.

## STANDARD OF REVIEW

Rule 11 of the Federal Rules of Civil Procedure "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed.  Simply put, subjective good faith no longer provides the safe harbor it once did." *Eastway Construction Corp. v City of New York*, 762 F.2d 243, 254 (2d Cir. 1985).

Pursuant to Rule 11, every pleading, motion and other paper of a party represented by an attorney must be signed by the attorney.  *See* FRCP Rule 11.  This rule applies to every paper signed during the course of the proceedings and not only to the pleadings.  *Oliveri v Thompson*, 803 F.2d 1265, 1274 (2d Cir. 1986).  Moreover, the Second Circuit in *Oliveri* held that:

> If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

*Id.*

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

5

The signature of the attorney or a party on the pleading, motion or other paper constitutes a certification that to the best of the signatory's "knowledge, information and belief, formed after reasonable inquiry, the pleading, motion or other paper is well grounded in fact and is warranted by existing law . . . . and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.*

Consequently, sanctions under Rule 11 ***shall*** be imposed against an attorney and/or his client when it appears that:   (1) a party files a pleading that has no reasonable factual basis; or where (2) a party files a pleading that is based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law; or where (3) a party files a pleading in bad faith for an improper purpose. *Eastway Construction Corp. v City of New York*, 762 F.2d 243, 254 (2d Cir. 1985).

Where it is patently clear that Rule 11 has been violated, it is incumbent upon the court to fashion proper sanctions. *Id.* at 254.   The standard under Rule 11 for testing conduct is an objective standard of reasonableness under the circumstances. *Id.* at 253; *Oliveri* at 1275.

## ARGUMENT

### I.   PLAINTIFF ADMITTED THAT SHE HAS NO PROOF THAT DEFENDANT VIOLATED FDCPA § 1692e and §1692e(11).

Plaintiff alleges in her Complaint that Defendant failed to state in its initial oral communication with Plaintiff that the communication was from a debt collector in an attempt to collect a debt, and that this was done to deceive and mislead Plaintiff, all in violation of 15 U.S.C. § 1692e and § 1692e(11).   See **Exhibit A** to the Declaration of Steven M. Cohen, Esq. (hereafter referred to as "Declaration of SMC"), ¶¶17 and 22A.    This call, which was initiated by Plaintiff, was demonstrably not Defendant's first contact with Plaintiff (see Exhibits A and B

**HoganWillig**
**Attorneys at Law**
**2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068**
**Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com**

6

to Affidavit of Christopher O'Neill, submitted herewith), and thus Defendant only needed to identify itself as a debt collector at some point during the call. *See Foti v. Nico Financial Systems, Inc.,* 424 F.Supp.2d 643, 668-669 (S.D.N.Y. 2006) (interpreting § 1692e [11]).

In order to demonstrate that a Section 1692e violation occurred during the initial telephone call Plaintiff made to Defendant, Plaintiff would be required to show that Defendant failed to identify itself as a debt collector during that conversation. This conversation was not recorded, and so the only potential proof of this allegation would be Plaintiff's own recollection of the conversation. However, Defendant's Request for Admissions asked Plaintiff directly to admit or deny that (a) during the initial telephone conversation Defendant's representative identified himself to Plaintiff and (b) during the aforesaid conversation Defendant's representative advised Plaintiff that Defendant was considered a debt collector, and to both requests Plaintiff responded "Plaintiff neither admits nor denies as...***Plaintiff does not remember the exact words used during the conversation***." (See **Exhibit C** to Declaration of SMC, emphasis added). In addition, at her subsequent deposition, Plaintiff testified that she could not remember if defendant's representative identified herself to Plaintiff. (See **Exhibit D** to Declaration of SMC). Finally, Plaintiff signed a verification stating she read the contents of the Complaint and that the same were true to the best of her knowledge, which included the allegation that she did not receive the "mini-Miranda" warning. Plaintiff therefore knew this statement was not true when she signed the verification, whether at the time the Complaint was prepared or, even more so, at the deposition when it was for the first time presented to Defendant, and at which Plaintiff testified she did not remember if the mini-Miranda" was given. ***By her own admissions***, Plaintiff never had any factual basis for this allegation.

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

7

Moreover, the attorney drafting the Complaint containing this allegation had an affirmative duty to conduct a reasonable inquiry into the viability of the allegation before he signed the Complaint (*Eastway, supra* at 254).  Had the attorney done so, such inquiry would have revealed that Plaintiff had no memory of what was said, and, conversely, not said, during that initial conversation.

Plaintiff's claim under the FDCPA that she was not advised that the call was from a debt collector had, from the very inception of the lawsuit, no factual basis or evidentiary support, and was brought for an improper purpose and in bad faith by both Plaintiff and her attorney, and as such, Rule 11 sanctions are warranted.

Alternatively, once it became clear in Plaintiff's Responses to Defendant's Request for Admissions that the allegations regarding the "mini-Miranda" lacked a factual basis because Plaintiff had no recall of whether the "mini-Miranda" had been given to her, this claim should have been withdrawn.  Plaintiff and her attorney had five (5) opportunities to withdraw this claim:  (1) when Plaintiff read the Complaint and signed the Verification; (2) when Plaintiff's responses to Defendant's Request for Admission was prepared; (3) after Plaintiff's deposition when she stated she had no recall of what was said or whether she was given the "mini-Miranda"; (4) on August 27, 2010, when Defendant demanded that Plaintiff withdraw the Complaint; and (5) when Plaintiff recently moved to withdraw her claim for actual damages, which was granted by this Court on September 17, 2010.  For whatever reason, Plaintiff chose not to withdraw the allegation and has to this day continued to move forward with this claim.

Based upon the foregoing, Defendant has made a *prima facie* showing of his entitlement to Rule 11 sanctions on Plaintiff's first alleged violation of the FDCPA, as a matter of law.

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

8

## II.   PLAINTIFF'S OWN EVIDENCE DEMONSTRATES THAT PLAINTIFF KNEW AT THE TIME THE COMPLAINT AND VERIFICATION WAS SIGNED THAT DEFENDANT DID NOT VIOLATE §§ 1692e and 1692e(10).

"[T]he use of false misrepresentation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" constitutes a false misrepresentation and violates the FDCPA. *See* 15 USC § 1692(e)(10).   Plaintiff alleges in her Complaint that during the telephone conversation between Plaintiff and Defendant's employee, Defendant falsely and deceptively told Plaintiff that "the case had just come into their office" and that such statement violated  15 U.S.C. § 1692e and § 1692e(10), because "in fact Defendant had the account for a year." *See* Exhibit A to Declaration of SMC, ¶ 22B.

This allegation not only takes a statement of Defendant's employee out of context, but deliberately distorts it. According to the transcript of the audiotape supplied by Plaintiff to Defendant, the employee actually said "*I* just received it in *my* office today." (See **Exhibit B** to Declaration of SMC) (emphasis added).   Plaintiff had absolutely no proof at the time the Complaint was signed and verified that the file regarding Plaintiff's debt had not just come to the attention of the speaker on the tape on that particular day.   The most perfunctory questioning of the Plaintiff by her attorney would have revealed the lack of available proof with regard to that issue.   The most superficial examination of the taped conversation would have made it apparent that Plaintiff was distorting what was actually said by Defendant's employee.

Moreover, after stating that she had just received the debt in her office, the speaker advised Plaintiff that the debt collector would "usually give it 30 days to see if the debtor is willing to pay."   (See **Exhibit B** to Declaration of SMC).   Placed into context, the time the file actually came into the debt collector's office (even assuming that the speaker was referring to the debt collector when using the word "my") is absolutely immaterial and the statement could not

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

9

have misled the least sophisticated consumer about her rights under the law or of the status of the debt. The statement in dispute was a mere prelude to the message that the sentence was meant to convey: that the debt collector was taking no action for 30 days to see if the debtor would voluntarily agree to pay the debt in the interim. Moreover, it does not matter whether the debt came into the debt collector's hands that very day or three years prior; what mattered was what the debt collector intended to do with the debt.

To prove that Defendant used a false misrepresentation to collect a debt or attempt to collect a debt, Plaintiff must show not only that the statement was false, but also that by uttering the false statement, the Defendant **intended** to mislead the Plaintiff.    *Parker v. Pressler & Pressler, LLP*, 650 F.Supp.2d 326, 343 (D.N.J. 2009) (emphasis added). Even assuming that Defendant's employee mistakenly stated that the debt had just come into the **debt collector's** office, rather than the **individual employee's** office, Plaintiff has never produced any evidence that the Defendant intended to mislead Plaintiff, nor even that the entire statement was potentially misleading to the least sophisticated consumer in any manner.

Based upon the fact that both Plaintiff and her attorney knew, or should have known upon a cursory analysis of the actual content of the audio tape in their possession at the time the Complaint was signed and verified, that Defendant had not actually stated that the debt had just come into the debt collector's office, and that she had absolutely no evidence that the Defendant intended to mislead the Plaintiff, Defendant has made a *prima facie* showing of its entitlement to Rule 11 sanctions on Plaintiff's second alleged violation of the FDCPA, as a matter of law. Despite the foregoing, Plaintiff and her attorney filed the within lawsuit and, to date, have refused to withdraw these claims.

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

10

**III.    PLAINTIFF'S OWN PROOF DEMONSTRATES THAT PLAINTIFF WAS AWARE AT THE TIME THE COMPLAINT AND VERIFICATION WERE SIGNED THAT DEFENDANT DID NOT VIOLATE FDCPA §§ 1692e, 1692e(4) AND 19692e(5)**

Plaintiff alleges in her Complaint that Defendant violated Sections 1692e, 1692e(4) and (5) by "stating [that] nonpayment of the debt will result in garnishment of her wages, an action Defendant does not intend to pursue and cannot legally pursue." Plaintiff further alleges "[t]his was done with the intent to deceive and mislead the Plaintiff in an attempt to collect the subject debt." See Exhibit A, ¶ 22C.

Section 1692e(4) of the FDCPA reads, "[t]he representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action" is conduct that violates the FDCPA. Section 1692e(5) states, "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" is conduct that violates the FDCPA.

There is not a scintilla of evidence that Defendant lacked the authority to turn the file over to its attorneys if the debt remained unpaid. Moreover, the speaker on the tape never stated that the *debt collector* would refer the case to an attorney.  The speaker actually said:  " Right yeah, if it's not collected *he* sends it to his attorney and then *they* file. And then if they…yeah exactly, they give a judgment and then it gets taken out of your, if you're employed it gets taken directly out of your employment check." (See **Exhibit B** to Declaration of SMC). The speaker went on to state:

> *They* usually keep it in *there*[sic] offices for a couple of years to see if you want to pay for it or not. I know exactly what you are saying. *I worked in dentistry* for about eight years, so. Usually *they* keep it in their office to see if you are willing to attempt to

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

11

pay it. *They* don't, *they* don't want to send you to the collections, you know, to try to solve it because you are *their patient*. However, if the patient is not willing to settle the matter then what *they* do is send it to collections and then after, you know, if the debtor is willing to pay great. If not, what *they* do is *they* just do a judgment and *they* send it to court. *They* get a judgment and *they* garnish your wages. So......

See **Exhibit B** to Declaration of SMC (emphasis added).

It is clear that the speaker in using the word "they" is referring to the creditor, the dentist's office, or perhaps on a couple of occasions, the creditor's attorney. When referring to the debt collector's office, the speaker used the word "we". For example: "I can't settle this. It is a medical/dental account. *We* can't do settlements. I mean...*we* work sometimes with creditors with credit cards, but with medical/dental it doesn't work that way. I can't do a settlement with you. *They* don't allow it." See **Exhibit B** to Declaration of SMC (emphasis added). If there was any doubt about this, it can be allayed by reference to another portion of the transcript: "Yeah unfortunately I can't do anything for you. If you talk to *the office* and see if *they* can lower it. That is on *their* end. *We are a collections agency...*" See **Exhibit B** to Declaration of SMC (emphasis added).

It is clear from both the content of the audio recording and the tone in which it was delivered that the employee was engaged in a general discussion about what typically occurs when a medical bill remains unpaid and what dentist offices do with unpaid bills based on her experience of having "worked in dentistry for about eight years," and even the least sophisticated consumer would not have interpreted that or any other statement in the recording as a representation that Defendant was going to immediately refer this particular debt to an attorney and that Plaintiff's wages would be garnished. The mere fact that the speaker corrected herself stating: "…. then it gets taken out of your, if you're employed it gets taken out of your

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

12

employment check" (See **Exhibit B** to Declaration of SMC), is a clear indication that the speaker was not threatening to garnish Plaintiff's wages as she had no idea if Plaintiff was even employed.

A review of the content of the transcription of the audiotape, even without actually hearing the tape, reveals one side of a conversation, which unequivocally documents a question/answer dialogue. It has been Plaintiff's position throughout this lawsuit that the mere mention of the possibility that the file could be turned over to an attorney is sufficient to constitute a violation of the statute and that the context in which it was spoken is of no consequence. That is clearly not the law.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e; *Ostrander v. Dentistry by Dr. Kaplansky*, 2010 WL 1407300 (W.D.N.Y. March 30, 2010); *Ostrander v. Accelerated Receivables*, 2009 WL 909646 (W.D.N.Y. March 31, 2009). If the primary purpose of enacting the FDCPA was to protect innocent debtors from the abusive, threatening, harassing and unscrupulous practices of debt collectors in collecting debts, then the context, inflection and intonation of the alleged offender's voice are, without a doubt, consequential. When such words are stated in such a manner, tone or context that would be viewed as abusive, threatening or harassing, such would certainly be *prima facie* evidence that the statute had been violated. Conversely, as here, where the words were stated in the context of a question/answer dialogue, with a tone of voice that one need only hear to determine that the speaker was being not only respectful to Plaintiff, but sympathetic to the fact that she could not help Plaintiff in terms of

**HOGAN WILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

13

negotiating the amount of the debt, such should certainly be viewed as *prima facie* evidence that the statute was not violated.  We respectfully request an opportunity to forward to the Court under separate cover, for its own review and consideration, a copy of the audiotape recording.

The case at bar is strikingly similar to *Chaudhry v Gallerizzo*, 174 F.3d 394, 411 (4th Cir. 1999), where the Fourth Circuit upheld the trial court's findings that sanctions were appropriate against the Plaintiffs' attorney under 28 U.S.C. § 1927 and Rule 11.  In *Chaudhry*, the plaintiffs brought an action alleging, *inter alia*, that the defendant breached § 1692e of the FDCPA by making false, deceptive and misleading statements.  *Id.* at 410.  The plaintiffs claimed that, during the course of a meeting between the plaintiffs and the defendant, the defendant made false representations to the plaintiffs.  *Id.* at 411.  The plaintiffs' attorney, without the defendant's knowledge, recorded this meeting on an audio recording device.

The trial court, relying on the transcript from this audio recording, found that no "…rational person could have interpreted what was said at the meeting to be the promise that Plaintiffs and their counsel contend was made by [the Defendant]." *Id.*  The Court of Appeals agreed, finding that the plaintiffs' claim was "utterly without factual foundation." *Id.*  In affirming the trial court's decision, the Court of Appeals noted "we in no way intend to discourage the legitimate purpose of FDCPA litigation but, rather, hope to deter groundless claims like the one advanced here." *Id.*

Here, like in *Chaudhry*, no rational person could interpret what was said by Defendant's agent Eva Toy to Plaintiff as constituting a violation of the FDCPA.  The content of Ms. Toy's statements to Plaintiff fails to support Plaintiff's claim that Defendant violated the FDCPA.

Additionally, Plaintiff *allegedly* (see ¶22 of Declaration of SMC) signed a Verification after reading the Summons and Complaint , attesting that all of the allegations of the Complaint

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

14

are true and accurate to the best of her knowledge, that the Complaint is well grounded in fact, and that it is not interposed for any improper purpose or to cause unnecessary delay or create a needless increase in the cost of litigation.  See **Exhibit E** to Declaration of SMC.  Plaintiff and her attorneys breached their duty to this Court by failing to determine that the signed papers were well grounded in fact, legally tenable, not interposed for any improper purpose, and contained no frivolous claims (tested by the reasonable man standard, i.e., "a competent attorney admitted to practice before the district court" *Zaldivar v City of Los Angeles*, 78 F2d 823, 830 [9[th] Cir. 1986]).  Moreover, based upon how Defendant came into possession of the Verification (see ¶ 22 of the Declaration of SMC), an inference may be made that the Plaintiff did in fact not review the contents of the Complaint.  A further inference may be made that Plaintiff's attorneys made no inquiry at all as to the veracity of the allegations from its client, other than having her sign an unsworn, undated, conclusory and boilerplate "verification" at some point in time.   Such conduct violates Rule 11 and warrants that sanctions be imposed on both Plaintiff and her attorneys as a matter of law.

Based upon the foregoing, Defendant has made a *prima facie* showing of his entitlement to Rule 11 sanctions on Plaintiff's third alleged violations of the FDCPA, as a matter of law.

## IV.   PLAINTIFF AND HER ATTORNEY ARE WELL VERSED IN THE FDCPA.

Lack of a factual or legal basis for a lawsuit, coupled with a signer's experience in a particular area of law are appropriate indicators of an improper purpose.  *Guidry v. Clare*, 442 F.Supp.2d 282 (E.D. Va. 2006).

This lawsuit is egregious because it was brought by a Plaintiff who has considerable experience with the FDCPA, having worked for at least five debt collection agencies in the past, and having received training in the FDCPA from each of the debt collecting agencies for whom

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

15

she worked.  Moreover, this lawsuit was brought by attorneys whose firm boasts experience and expertise in consumer protection laws, including the FDCPA, and knew, or with reasonable inquiry, should have known that this claim did not rise to the level of a violation of the FDCPA.

Plaintiff's experience in debt collection is evidenced by both her resume, attached hereto as **Exhibit I,** and her testimony, see **Exhibit D** pp. 5-12 & 17-20.  Using her knowledge and experience in the FDCPA, Plaintiff recorded a telephone conversation, taking care to either set the recording up so her end of the conversation would not be audible, or erasing her part of the exchange afterward.  See **Exhibit B**.  Again, using her knowledge of the FDCPA, during said conversation, Plaintiff steered the conversation toward what would typically occur if a debtor failed to pay her bill. See **Exhibit B.**

Plaintiff, with her background, training and experience in collecting debts, would have known exactly what typically occurs when a debtor does not pay their debt.  As such, an inference may certainly be drawn that by posing these questions to Ms. Toy, Plaintiff did so not to obtain the information typically sought by an unseasoned debtor during such a phone call, but for the specific purpose of entrapping the debt collector to say something that Plaintiff could subsequently use to support an FDCPA violation.  Unfortunately for Plaintiff, Defendant's employee answered Plaintiff's questions, and explained the procedures employed by a dental office in general, which was her area of expertise, in collecting such debts.  She never demanded immediate payment or said anything else that would indicate that legal action was imminent if payment was not made.  Moreover, Ms. Toy advised Plaintiff that Defendant gives 30 days "to see if the debtor is willing to pay." See **Exhibit B** attached to Declaration of SMC.

Plaintiff's efforts to entrap Plaintiff into making threats of imminent legal action having failed, she instead picked out isolated statements within their conversation, stripped them of

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

16

context and distorted their meaning to manufacture a violation of the Fair Debt Collection Practices Act where none existed.

Plaintiff came into the offices of her attorneys, a firm that advertises as specialists in consumer protection laws, including the FDCPA, armed with an audio recording that did not support any potential violations of the FDCPA and with no memory of whether or not a "mini-Miranda" was given to her during the phone conversation with the debt collector. Plaintiff's attorneys had a duty to listen to and analyze the content of the tape based on their knowledge and experience of the FDCPA, and to make reasonable inquiries into the merits of the lawsuit before accepting Plaintiff's case. Plaintiff's attorneys either failed to investigate this matter and simply filed the lawsuit, or they investigated the matter but nevertheless chose to file a spurious Complaint and demand exorbitant legal fees from Defendant from the outset, hoping Defendant would simply settle the matter rather than defend it on the merits.

As a result of this frivolous lawsuit, Defendant has incurred substantial legal fees in defending this matter, and under the facts of this case, Rule 11 sanctions are warranted against both Plaintiff and her attorney.

## CONCLUSION

It is patently clear from the facts of this case, the evidence submitted in support of this motion, and the lack of evidence to support Plaintiff's claims, that no reasonable attorney could have believed, upon even a cursory review of the contents of the tape and a reasonable inquiry to the client, that such claims had a basis in fact or law. Plaintiff and her attorney have failed in their duties under Rule 11 of the Federal Rules of Civil Procedure, by Plaintiff at the time she signed the Verification, whenever that may have been, and by Plaintiff's attorneys at the time the Complaint and the Responses to Defendant's Request for Admissions were signed. Both

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

17

Plaintiff and her attorneys were under a duty to ensure that the Complaint, Verification and the Responses were not being presented for an improper purpose, the claims therein were warranted by existing law, and that the factual contentions either had evidentiary support or were likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

To the contrary, both Plaintiff and her attorney knew or should have known that there was no proof (a) that Defendant did not identify itself as a debt collector during their initial telephone conversation, (b) that the statement, made by Defendant's employee that the bill had just come into her office, was in any way inaccurate or intended to be misleading; and (c) that the general statements in the audio recording regarding procedures taken by a dental office when a dental bill is not paid did not constitute a statement that legal action was imminent against Plaintiff, even when viewed against the "least sophisticated consumer" standard.

Based upon the particular facts of this case, as well as the fact that both Plaintiff and her attorneys are well versed in debtor-creditor law, and the fact that both presumably have knowledge regarding what constitutes a genuine violation of the FDCPA, sanctions under Rule 11 are warranted.

As the Complaint lacks any factual basis and contains no colorable claims upon which relief may be granted, and Plaintiff and her attorneys have shown deliberate indifference to the undisputed and obvious facts of this case, not only are sanctions warranted, but it is respectfully submitted that Plaintiff and her attorneys should both be made to personally satisfy the excess costs, expenses, and attorneys' fees incurred by Defendant in defending this frivolous lawsuit, which legal fees total more than $35,000.00, and encompass both party and nonparty depositions, motion practice arising out of Plaintiff's refusal to provided documents which Defendant is entitled to, significant research on Rule 11 sanctions and the proof required,

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

18

extensive review of the deposition transcripts and discovery demands and responses, preparation of this Rule 11 motion, drafting of the motion for summary judgment which will be filed and served simultaneously with this motion, and numerous additional hours on handling the usual and customary tasks involved in the defense of an action.

Defendant incurred these substantial legal fees in defending this frivolous lawsuit not because of Defendant's unwillingness to make a business judgment decision and make a reasonable settlement offer even though Defendant was not guilty of any wrongdoing, and not by Plaintiff who stood to gain no more than the $1,000.00 statutory fine imposed by law. No, the defense of this case was necessitated by Plaintiff's attorney who, upon information and belief, refused to even consult with its client regarding any settlement offer extended because they had to "get back their legal fees," which statement was made numerous times to your Declarant's firm both via telephone and through email communications.

Defendant respectfully requests that this Court award sanctions under Rule 11, and the costs and disbursements incurred by Defendant in defending this frivolous lawsuit, as a matter of law.

Dated: October 28, 2010
       Amherst, New York

 

                           s/*Steven M. Cohen*
                           Steven M. Cohen, Esq.
                           HOGANWILLIG
                           *Attorneys for Defendant*
                           2410 North Forest Road Suite 301
                           Amherst, New York 14068
                           716-636-7600

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

19

TO:    Kimberly T. Irving, Esq.,
       Law Offices of Kenneth Hiller
       *Attorneys for Plaintiff*
       6000 North Bailey Avenue Suite 1A
       Amherst, New York 14226
       716-564-3288

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

20