UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LYNEISHA FORD,

              Plaintiff,

  -vs-                                                          09-CV-627-JTC

PRINCIPAL RECOVERY GROUP, INC.

              Defendant .

---

APPEARANCES:   LAW OFFICES OF KENNETH R. HILLER (SETH ANDREWS, ESQ., Of Counsel), Amherst, New York, Attorneys for Plaintiff.

                           HOGANWILLIG (STEVEN M. COHEN, ESQ., Of Counsel), Getzville, New York, Attorneys for Defendant.

## INTRODUCTION

By order of the Hon. William M. Skretny, Chief United States District Judge, dated September 23, 2011 (Item 46), this matter has been reassigned to the undersigned for all further proceedings. Plaintiff Lyneisha Ford commenced this action against defendant Principal Recovery Group, Inc. on July 9, 2009, alleging that defendant's verbal and written attempts to collect overdue debts violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, e(4), e(5), e(10) and e(11) (Item 1, ¶ 22). Defendant has moved for summary judgment dismissing these claims pursuant to Fed. R. Civ. P. 56 (Item 32). It also seeks attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), costs pursuant to Fed. R. Civ. P. 37(c)(2), costs and attorney's fees to be paid by plaintiff's counsel pursuant to 28

U.S.C. § 1927, and sanctions pursuant to Fed. R. Civ. P. 11 (Items 29, 36).  Plaintiff seeks a stay of the motion to allow further discovery (Item 40).

For the following reasons, plaintiff's motion for a stay and for further discovery is denied.  Defendant's motion for summary judgment is granted, and the complaint is dismissed.  Defendant's motion for sanctions pursuant to Fed. R. Civ. P. 11 is granted.

## **BACKGROUND and FACTS**

Plaintiff Lyneisha Ford is a former debt collector who received FDCPA training while employed at various collection agencies, and her counsel specializes in pursuing violations of the FDCPA (Item 32, Exh. E, "Ford Dep.," pp. 6-10; Law Offices of Kenneth Hiller Website, *available at* http://www.kennethhiller.com/Consumer-Protection/Fair-Debt-Collection-Practices-Act-FDCPA.shtml, (last visited Aug. 19, 2011)).

Plaintiff obtained dental services from Dr. Timothy Mahoney on or about January 3, 2007 and was charged $180.39 (Item 34, ¶¶ 3, 4).  Plaintiff, by her own admission, did not pay her bill (Ford Dep., pp. 31-32).  On or about December 1, 2007, Dr. Mahoney referred his unpaid accounts to defendant Principal Recovery Group, Inc. for collection, including plaintiff's unpaid dental services bill (Item 34, ¶¶ 6-14).

Defendant made its initial attempt to collect plaintiff's unpaid debt by mailing a collection letter to her, advising her of the unpaid status of her account on January 17, 2008 (Item 30, ¶ 4, Exh. A).  Plaintiff admits receiving this letter, but she did not respond to it (Ford Dep., pp. 33-34).  Defendant sent another collection letter to plaintiff on March 19, 2009, again advising her of the unpaid status of her account (Item 30, ¶ 6, Exh. C).  The letter stated clearly that "[t]his is an attempt to collect a debt and any information obtained

will be used for that purpose." *Id*, Exh. A.  Plaintiff called defendant to discuss the debt on April 1, 2009 in an attempt to reach a settlement (Ford Dep., p. 61). During the conversation with a debt collector, plaintiff informed the debt collector that she would speak with Dr. Mahoney about the status of the debt and call defendant's office back.  *Id.,* pp. 50-51.

Later that day, plaintiff called defendant back and spoke with Eva Toy, a debt collector employed by defendant.  Plaintiff recorded the call with a cell phone recording device (Ford. Dep., pp. 51-52).  However, the recording device was unable to pick up plaintiff's voice, so only Ms. Toy's responses were transcribed.  *Id.*, p. 53.  Below are the relevant statements made by Ms. Toy that plaintiff alleges violate the FDCPA:

> And then if they, if they … yeah exactly, they give a judgment and then it gets taken out of your, if you're employed it gets taken out of your employment check.
>
> . . . .
>
> . . . We are a collection agency. So, at this point we have thirty (30) days before it gets posted to your credit history. And then it goes back . . . .
>
> . . . .   And . . . , I just received [plaintiff's overdue account] in my office today.
>
> . . . .
>
> . . . Usually [dental offices] keep [overdue accounts] in their office . . . to see if you are willing to attempt to pay it. . . . However, if the patient is not willing to settle the matter then what they do is send it to collections and then after, you know, if the debtor is willing to pay great. If not, what they do is they just do a judgment and they send it to court. They get a judgment and they garnish your wages. . . .

(Item 32, Exh. C).

Plaintiff commenced this action June 17, 2009, alleging that the aforementioned statements from defendant's debt collector violated the FDCPA (Item 1, ¶ 22). Specifically,

plaintiff alleged that defendant violated: 15 U.S.C. §§ 1692e and e(11) "by not stating in the initial oral communication with [p]laintiff that the communication was from a debt collector in an attempt to collect a debt"; 15 U.S.C. §§ 1692e and e(10) "by falsely and deceptively stating that the [overdue account] had just come into their office, when in fact [d]efendant had the account for over a year"; 15 U.S.C. §§ 1692e, e(4), and e(5) "by stating nonpayment of the debt will result in garnishment of her wages, an action [d]efendant d[id] not intend to pursue and cannot legally pursue." *Id.*

During her June 29, 2010 deposition, plaintiff acknowledged that she did not remember whether the debt collector explicitly stated that she was a debt collector employed by a debt collection agency–contradicting her 15 U.S.C. § 1692e(11) cause of action in her complaint (Ford Dep., p. 46). In addition, plaintiff contradicted denials her counsel made to defendant's request for admissions (Item 36, pp. 5, 6).[1] On August 27, 2010, after depositions of Ms. Toy and the collection agency owner were conducted, defendant wrote a letter to plaintiff demanding that she withdraw "this frivolous lawsuit," and warned that defendant would seek sanctions if plaintiff did not withdraw the action (Item 32,

---

[1] At her deposition, plaintiff was shown her responses to defendant's request for admissions, which plaintiff denied ever seeing (Ford Dep., pp. 29-31). Further, plaintiff denied that she and her counsel had discussed the content of the requests or the responses her counsel submitted. *Id.*, p. 31.
  In defendant's requests for admissions, plaintiff was asked to admit or deny: (3) whether she responded to the January 17, 2008 collection letter; (14) whether defendant's agent disclosed to plaintiff that she was a debt collector; and (25) whether plaintiff posed multiple questions to defendant's agent about defendant's procedures for collecting debts (Item 32, Exh. D). While plaintiff's counsel denied each of these requests for admissions, plaintiff subsequently admitted at her deposition that she did not respond to the January 17, 2008 notice, she did not remember if defendant's agent disclosed that she was a debt collector during the initial April 1, 2009 phone conversation, and that she did, in fact, pose questions to defendant's agent about defendant's collection procedures and the consequence of not paying her debt (Ford Dep., pp. 33-34, 46-48, 59-75).

Exh. I).  Plaintiff responded on September 9, 2010 by filing a motion to dismiss her claim for actual damages (Item 20).[2]

On October 28, 2010, defendant served plaintiff with notice of its intent to file a motion for sanctions pursuant to Fed. R. Civ. P. 11, alleging that plaintiff and her counsel were well-versed in the FDCPA and knew from the inception of this action that her claims had no factual basis (*see generally* Item 29, pp. 8-15).  Shortly thereafter, on November 4, 2010, plaintiff filed a motion to dismiss her 15 U.S.C. § 1692e(11) claim, which had alleged that defendant's debt collector did not disclose to plaintiff that she was, in fact, a debt collector during their initial phone conversation (Item 27).[3]  However, plaintiff did not withdraw her other claims  *Id.*

On November 26, 2010, defendant moved: for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the remainder of plaintiff's FDCPA claims; for attorneys' fees because plaintiff's case was filed in bad faith, pursuant to 15 U.S.C. § 1692k(a)(3); for costs because plaintiff failed to disclose information to defendant's request for admissions pursuant to Fed. R. Civ. P. 37(c)(2); for costs and attorney's fees to be paid by plaintiff's counsel pursuant to 28 U.S.C. § 1927; and for sanctions pursuant to Fed. R. Civ. P. 11 (Item 36; Item 29).  Plaintiff responded by filing a motion to stay the summary judgment motion pending the extension of discovery to depose Dr. Mahoney, so that plaintiff may fully oppose defendant's motion (Item 40).

---

[2] Chief Judge William M. Skretny granted this motion September 17, 2010 (Item 23).

[3] Chief Judge William M. Skretny granted this motion November 8, 2010 (Item 28).

Presently before this court are plaintiff's motion to extend discovery, and defendant's motions for summary judgment and for attorneys' fees, costs, and sanctions.

## DISCUSSION

### 1. Summary Judgment Standard

Fed. R. Civ. P. 56(a) provides that summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact." Fed R. Civ. P. 56(a). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and facts are "material" if they "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant bears the burden of showing the absence of a genuine issue of material fact, and the proffered evidence must be viewed in the light most favorable to the nonmovant. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the movant meets this burden, the burden then shifts to the nonmovant to come forward with evidence "sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008).

Mere "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). "An opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural,

speculative, nor merely suspicions." *Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 n.14 (2d Cir. 1981).

However, Rule 56(d)(1) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it[.]" Fed R. Civ. P. 56(d)(1). Thus, granting relief by staying a motion for summary judgment is within the discretion of the district court. *See Carpenter v. Churchville Greene Homeowner's Ass'n, Inc.*, 2011 WL 710204, at *4 (W.D.N.Y. Feb. 22, 2011) (citing *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 995 F.2d 375, 377 (2d Cir. 1993)).

## 2. Motion to Stay Summary Judgment Motion to Extend Discovery

If a party seeks to obtain a stay of a summary judgment to conduct further discovery to oppose the motion, the Second Circuit requires the

> party resisting summary judgment . . . [to] submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort [the] affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.

*Carpenter*, 2011 WL 710204, at *4 (citing *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir.), *cert. denied,* 540 U.S. 823 (2003); *Ayers v. Stewart*, 101 F.3d 687 (2d Cir.1996)).

Plaintiff argues that she cannot adequately oppose defendant's summary judgment motion until Dr. Mahoney is deposed (Item 40-1, ¶ 7). "Plaintiff wishes to learn whether Dr. Mahoney has ever sued a patient, and under what circumstances," and argues that Dr. Mahoney's answers will evidence whether he actually intended to sue plaintiff or garnish her wages. *Id.,* ¶¶ 7(B), 12). The facts discovered from this deposition, plaintiff argues,

will evidence whether defendant violated 15 U.S.C. §§ 1692e, e(4), and e(5) by threatening to take action that it did not intend to take.

This argument is without merit because the sought-after potential information cannot reasonably be expected to create an issue of material fact. Dr. Mahoney is not a defendant in this action, and simply had a relationship with defendant to pursue the collection of his overdue accounts (Item 34, ¶¶ 11-13). It was Dr. Mahoney's "understanding that the patients would be sued for the outstanding balances then due and owing [him]." *Id.,* ¶ 10. Plaintiff has not alleged that Dr. Mahoney violated the FDCPA in an attempt to collect her unpaid account, nor has she alleged that Dr. Mahoney continued his collection efforts after he assigned the overdue accounts to defendant for collection. His collection efforts ceased when he assigned the overdue accounts to defendant and his intention was clear–that defendant would collect the overdue accounts.

In the court's view, deposing Dr. Mahoney will not elucidate any facts that are not already available regarding the actions and/or statements of the named defendant. Whether Dr. Mahoney has ever sued a patient for an unpaid bill or whether he gave explicit instruction to defendant to sue plaintiff for her unpaid debt are collateral matters that are irrelevant to the disposition of this motion. Additionally, further discovery relating to defendant's accounts that had been referred to attorneys for the filing of a lawsuit cannot be expected to create a genuine issue of material fact. The issue on this motion is whether defendant violated the FDCPA by the statements of its representative. Accordingly, the court denies plaintiff's motion to stay defendant's summary judgment motion.

**3. FDCPA Claims**

The two claims that remain before this court are plaintiff's allegations that defendant violated 15 U.S.C. §§ 1692e, e(10), e(4), and e(5). The court will address these claims in turn.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

Under the FDCPA, debt collectors are prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). According to plaintiff's complaint, defendant's debt collector, Ms. Toy, "stat[ed] that the case had just come into their office, when in fact Defendant had the account for a year" (Item 1, ¶ 22). Plaintiff argues that defendant's characterization of the status of plaintiff's account was a false representation or deceptive means to collect her debt in violation of 15 U.S.C. § 1692(e)(10) (Item 1, ¶ 22).

Plaintiff's description of Ms. Toy's statement in the complaint does not comport with the transcript of the telephone recording. In the transcript, Ms. Toy says only that "I just received [the account] in my office today" (Item 32, Exh. C) (emphasis added). By using

the words "I" and "my," Ms. Toy clearly refers to the time when she, as the individual debt collector, received plaintiff's account, and not the time when defendant's collection agency received it. Although Ms. Toy does not recall her actions specific to attempting to collect plaintiff's account, her practice was to contact debtors within a few days of receiving a debtor's file (Item 35, ¶ 17). She made no representation as to when the account was assigned to defendant's collection agency, and the transcript clearly indicates that she advised the plaintiff of when the account came into <u>her</u> own office, not into the defendant's agency. Based on this record, no reasonable juror could conclude that Ms. Toy's representation to plaintiff that the account came into her office on April 1, 2009 was false or misleading in violation of 15 U.S.C. § 1692e(10). Therefore, defendant is granted summary judgment on this claim.

The FDCPA also prohibits debt collectors from "represent[ing] or impl[ying] that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action," 15 U.S.C. § 1692e(4), and from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." *Id.* § 1692e(5). Plaintiff argues in her complaint that defendant violated these subsections "by stating nonpayment of the debt will result in garnishment of her wages, an action that Defendant does not intend to pursue and cannot legally pursue" (Item 1, ¶ 22).

Again, however, plaintiff's allegations in her complaint do not mesh with the transcript of the telephone conversation. Nowhere in the conversation does Ms. Toy state that defendant will garnish her wages. Instead, the transcript reveals a question-and-answer conversation between plaintiff and Ms. Toy regarding the procedures for debt

settlement and wage garnishment (Item 32, Exh. C).  At the sections of the conversation where plaintiff and Ms. Toy discuss wage garnishment, Ms. Toy repeatedly answers to plaintiff that "they"–the dental office–<u>can</u> pursue wage garnishment only after "they" sue her and "they" obtain a court ordered judgment.  *Id.* (emphasis added).  Ms. Toy does not state that the dental office or defendant <u>will</u> pursue wage garnishment.  Ms. Toy referred to defendant's collection agency as "we" throughout the conversation.  *Id.*  When discussing actions that defendant can take, Ms. Toy clearly states that "[w]e can't do settlements," and that "we post it to your credit report."  *Id.*  When responding to an apparent hypothetical question posed by plaintiff about how dental offices might pursue wage garnishment, Ms. Toy did not use the word "we," and instead consistently referred to a hypothetical dental office as "they."  No reasonable juror could find that the statements made by Ms. Toy threatened to garnish plaintiff's wages.

Even if Ms. Toy's statements are interpreted as threatening to garnish plaintiff's wages, the statements did not run afoul of the FDCPA, because at the time they were made defendant intended to sue plaintiff to collect her unpaid debt.  Defendant's policy and practice were to refer uncollected accounts to a law firm for further collection, and defendant referred at least nineteen debtor accounts to a law firm in the past for collection (Item 33, ¶ 12-16).  Furthermore, it was Dr. Mahoney's understanding that the accounts he referred to defendant for collection, including plaintiff's, would ultimately be pursued in court (Item 34, ¶ 10).  Simply, defendant had the ability to sue plaintiff to collect her account and had done so in the past with other similarly situated debtors.

Based on this record, no reasonable juror could find that defendant violated 15 U.S.C. § 1692e(4) during the April 1, 2009 conversation with plaintiff because the transcript

cannot reasonably be interpreted to show Ms. Toy threatening to garnish plaintiff's wages. Even if defendant did threaten to garnish plaintiff's wages, no reasonable juror could conclude that defendant violated 15 U.S.C. § 1692e(5) because defendant could legally pursue wage garnishment, and intended to do so at the time of the April 1, 2009 conversation. Therefore, defendant is entitled to summary judgment dismissing these claims.  Accordingly, summary judgment is granted for defendant dismissing plaintiff's remaining FDCPA claims.

### 4. Sanctions

Defendant seeks sanctions under the FDCPA, Fed. R. Civ. P. 11 and 37(c)(2), and Title 28 U.S.C. § 1927.  The FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3).  Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  In this Circuit, courts have held that "[s]anctions may be imposed . . . [pursuant to § 1927] 'only when there is a finding of conduct constituting or akin to bad faith.'" *Konits v. Karahalis*, 409 Fed. Appx. 418, 423 (2d Cir. 2011) (quoting *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (citations omitted)).  Defendant argues that because plaintiff had formal FDCPA training and manipulated the statements of the defendant's agent, plaintiff brought this

action in bad faith and for the purpose of harassing defendant, and thus, this court should grant defendant reasonable attorney's fees (Item 36, p. 21).

Plaintiff and her counsel are well-versed in the FDCPA, and their claim ultimately has been shown to have no merit. It is indeed peculiar that plaintiff's telephone recording only captured Ms. Toy's side of the conversation and that plaintiff's unrecorded questions appear to have been asked in an attempt to lead Ms. Toy into committing FDCPA violations. However, there is no discernible evidence that the action was brought in bad faith or for the purpose of harassment. Accordingly, an award of attorney's fees under the FDCPA or section 1927 is not warranted in this instance.

Fed. R. Civ. P. 11 confers on district courts the authority to sanction litigants or counsel and provides in relevant part:

> (b) By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Defendant served plaintiff with notice of its intent to pursue Rule 11 sanctions on October 28, 2010, complying with Rule 11's procedural safe-harbor requirements. Defendant then filed a Rule 11 motion with this court separate from its motion for summary judgment on November 26, 2010, alleging that plaintiff and her counsel

were well-versed in the FDCPA and knew from the inception of this action that her claims had no factual basis (*see generally* Item 29, pp. 8-15).

As detailed above, plaintiff was well-versed in the FDCPA as a former debt collector, and plaintiff's counsel regularly advertises that his firm provides services relating to the FDCPA. Plaintiff's counsel filed the 15 U.S.C. § 1692e(11) action with full knowledge that there was no evidence to support the allegation that defendant failed to identify itself as a debt collector. Defendant's written communications to plaintiff clearly identified the defendant as a debt collection agency, and plaintiff telephoned defendant on April 1, 2009 in response to the letter of March 19, 2009. Plaintiff did not withdraw this claim until defendant served her counsel with notice of its intent to pursue Rule 11 sanctions.

Plaintiff's remaining claims were premised on a telephone call recording that captured only one side of a question-and-answer conversation, in which it appears that plaintiff attempted to bait defendant into violating the FDCPA. The complaint takes out of context Ms. Toy's words from the transcript and even misquotes them in an attempt to create a colorable claim under the FDCPA. A cursory reading of the transcript makes clear that defendant did not threaten to garnish plaintiff's wages or mislead her as to how long she or defendant had her account in their office. Plaintiff and her counsel have egregiously manipulated the FDCPA, compelling the defense of frivolous claims and wasting the court's time and resources in an attempt to recover statutory damages.

Additionally, as set forth in detail in footnote one above, plaintiff's counsel denied Items 3, 14, and 25 in defendant's requests for admission, but plaintiff readily admitted to the pertinent facts at her deposition. Rule 37 provides that a party who refuses to admit

facts contained in a notice to admit may be required to pay attorney's fees to its adversary if the facts are ultimately established. Fed. R. Civ. P. 37(c)(2).

Plaintiff has violated Rule 11(b)(3) and (4) because her complaint lacked evidentiary support and her responses to defendant's requests for admissions were not supported by any evidence. Once "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). In this case, the court concludes that plaintiff's counsel should be responsible for the attorney's fees and costs associated with the defense of this action. Defense counsel shall file, within thirty days of the filing of this Decision and Order, an affidavit with supporting documentation of all costs and attorneys fees expended in defense of this action.

## **CONCLUSION**

Based on the foregoing analysis, plaintiff's motion to stay the summary judgment motion (Item 40) is denied, defendant's motion for summary judgment (Item 32) is granted, and the complaint is dismissed. Defendant's motion for sanctions pursuant to Fed. R. Civ. P. 11 (Item 29) is granted. Defendant shall provide to the court a full accounting of costs and fees it incurred defending this claim within thirty days of entry of this order.

So Ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:  September 28, 2011
p:\opinions\09-627.sep192011