UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LYNEISHA FORD,

                        Plaintiff,

          -vs-                                                    09-CV-627-JTC

PRINCIPAL RECOVERY GROUP, INC.

                        Defendant .
_____


APPEARANCES:   LAW OFFICES OF KENNETH R. HILLER (SETH ANDREWS,
               ESQ., Of Counsel), Amherst, New York, Attorneys for Plaintiff.

               CONNORS & VILARDO, LLP (TERRENCE M. CONNORS, ESQ.
               and VINCENT E. DOYLE, ESQ., Of Counsel), Buffalo, New York,
               Attorneys for the Law Offices of Kenneth R. Hiller.

               HOGANWILLIG (STEVEN M. COHEN, ESQ., Of Counsel),
               Getzville, New York, Attorneys for Defendant.


## <u>INTRODUCTION</u>

Plaintiff Lyneisha Ford commenced this action against defendant Principal

Recovery Group, Inc. on June 17, 2009, alleging that defendant's verbal and written

attempts to collect overdue debts violated the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§ 1692e, e(4), e(5), e(10) and e(11).  On November 26, 2010,

defendant moved for summary judgment to dismiss these claims pursuant to Federal

Rule of Civil Procedure 56, for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), for

costs pursuant to Federal Rule of Civil Procedure 37(c)(2), for costs and attorney's fees

to be paid by plaintiff's counsel pursuant to 28 U.S.C. § 1927, and for sanctions pursuant to Federal Rule of Civil Procedure 11 (Items 29, 32).  On November 29, 2010, plaintiff moved to stay defendant's summary judgment motion pending the deposition of Dr. Timothy Mahoney, plaintiff's dentist and creditor (Item 40).  By order of the Hon. William M. Skretny, Chief United States District Judge, dated  September 23,  2011 (Item 46), this matter was reassigned to the undersigned for all further proceedings.  On September 29, 2011, this court denied plaintiff's motion for a stay and granted defendant's motions for summary judgment, for costs pursuant to Federal Rule of Civil Procedure 37(c)(2), and for sanctions pursuant to Federal Rule of Civil Procedure 11, but denied defendant's motion for FDCPA attorney's fees and for costs pursuant to 28 U.S.C. § 1927 (Item 47).

Plaintiff moved to vacate the summary judgment and sanctions order on October 27, 2010, stating that she did not file papers to oppose defendant's motions because she was awaiting this court's ruling on the stay motion (Item 52).  On November 4, 2011, this court vacated the September 30, 2011 summary judgment and sanctions order to provide plaintiff with the opportunity to file responses to defendant's motions (Item 54).  On December 5, 2011, plaintiff filed responses to defendant's motion for sanctions and summary judgment (Items 55, 56), and moved to strike the affidavit of Dr. Timothy Mahoney (Item 57).

Presently before the court are defendant's motions for summary judgment and for sanctions, and plaintiff's motion to strike Dr. Mahoney's affidavit accompanying defendant's summary judgment motion.

2

## BACKGROUND and FACTS

Plaintiff Lyneisha Ford obtained dental services from Dr. Timothy Mahoney on or about January 3, 2007 and was charged $180.39 (Item 34, ¶¶ 3, 4).  Plaintiff, by her own admission, did not pay her bill (Item 32, Exh. E, pp. 31-32).  Subsequently, Dr. Mahoney referred his unpaid accounts to defendant Principal Recovery Group, Inc. for collection, including plaintiff's unpaid dental services bill (Item 34, ¶ 13).

Defendant made its initial attempt to collect plaintiff's unpaid debt by mailing a collection letter to her advising her of the unpaid status of her account on January 17, 2008 (Item 30, Exh. A).  Plaintiff admitted receiving this letter, but did not respond to it (Item 32, Exh. E, pp. 33-34).  Defendant sent another collection letter to plaintiff on March 19, 2009, again advising her of the unpaid status of her account (Item 30, Exh. B).  The letter stated that "[t]his is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id.*  Plaintiff telephoned defendant to discuss the debt on April 1, 2009 in an attempt to reach a settlement (Item 32, Exh E, p. 61).  During the conversation with an employee of the defendant, plaintiff informed the debt collector that she would speak with Dr. Mahoney about the status of the debt and call defendant's office back.  *Id.*, p. 50-51.

Later that day, plaintiff called defendant again and spoke with Eva Toy, a debt collector employed by defendant.  Plaintiff stated that she recorded the telephone call with a cellular telephone recording device (Item 32, Exh. E, p. 51-52).  The recording device was unable to record plaintiff's voice, however, so only Ms. Toy's responses

3

were recorded and transcribed. *Id.*, p. 53. Below are the relevant statements made by

Ms. Toy that plaintiff alleges violate the FDCPA:

> Right, yeah if it is not collected he sends it to his attorney and then they file. And then if they, if they … yeah exactly, they give a judgment and then it gets taken out of your, if you're employed it gets taken out of your employment check. …
>
> We are a collection agency. So, at this point we have thirty (30) days before it gets posted to your credit history. And then it goes back. …
>
> And they, I just received it in my office today.  So, we usually give thirty days to see if the debtor is willing to pay.  If not, then we post it to your, they don't post it, we post it to your credit report.
>
> Usually they keep it in there (sic) office to see if you are willing to attempt to pay it. … However, if the patient is not willing to settle the matter then what they do is send it to collections and then after, you know, if the debtor is willing to pay great. If not, what they do is they just do a judgment and they send it to court. They get a judgment and they garnish your wages. …

(Item 32, Exh. C).

Plaintiff commenced this action June 17, 2009, alleging that the aforementioned

statements by Ms. Toy violated the FDCPA (Item 1, ¶ 22).  Specifically, plaintiff alleged

that defendant violated: 15 U.S.C. §§ 1692e and e(11) "by not stating in the initial oral

communication with [p]laintiff that the communication was from a debt collector in an

attempt to collect a debt"; 15 U.S.C. §§ 1692e and e(10) "by falsely and deceptively

stating that the [overdue account] had just come into their office, when in fact

[d]efendant had the account for over a year"; 15 U.S.C. §§ 1692e, e(4), and e(5) "by

stating nonpayment of the debt will result in garnishment of her wages, an action

[d]efendant d[id] not intend to pursue and cannot legally pursue." *Id.*.

On August 27, 2010, after depositions of Ms. Toy and the collection agency

owner were conducted, defendant wrote a letter to plaintiff's counsel demanding that

plaintiff withdraw "this frivolous lawsuit," and warned that defendant would seek sanctions if plaintiff did not withdraw the action (Item 32-3, Exh. I).  Plaintiff responded on September 9, 2010 by filing a motion to dismiss her claim for actual damages (Item 20).[1]

On October 28, 2010, defendant served plaintiff with notice of its intent to file a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, alleging that plaintiff and her counsel were well-versed in the FDCPA and knew from the inception of this action that her claims had no factual basis (*See generally* Item 29, pp. 8-15). Shortly thereafter, on November 4, 2010, plaintiff filed a motion to dismiss her 15 U.S.C. § 1692e(11) claim, in which she alleged that defendant's employee did not disclose to plaintiff that she was, in fact, a debt collector during their initial phone conversation (Item 27).[2]  However, plaintiff did not withdraw her other claims.  *Id.*

On November 26, 2010, defendant moved: for summary judgment pursuant to Federal Rule of Civil Procedure 56 seeking dismissal of the remainder of plaintiff's FDCPA claims; for attorneys' fees pursuant to the FDCPA because plaintiff's case was filed in bad faith: for costs pursuant to Federal Rule of Civil Procedure 37(c)(2) because plaintiff failed to disclose information in response to defendant's request for admissions; for costs and attorney's fees to be paid by plaintiff's counsel pursuant to 28 U.S.C. § 1927, and; for sanctions pursuant to Federal Rule of Civil Procedure 11 (Item 32; Item

---

[1] Chief Judge William M. Skretny granted this motion September 17, 2010 (Item 28).

[2] Chief Judge William M. Skretny granted this motion November 8, 2010 (Item 28).

29).  Plaintiff responded by filing a motion to stay the summary judgment motion

pending the extension of discovery to depose Dr. Mahoney (Item 40).

While these motions were pending, this action was transferred to this court by

order of Chief Judge William M. Skretny on September 23, 2011 (Item 46). This court

reviewed the pending motions in their entirety and issued an order on September 30,

2011, which: denied plaintiff' motion to stay the summary judgment motion pending the

extension of discovery to depose Dr. Mahoney; granted defendant's motion for

summary judgment; and granted defendant's motion for sanctions pursuant to Rule 11

(Item 49).  On October 27, 2010, plaintiff moved to vacate the summary judgment and

sanctions order pursuant to Rule 59(e) (Item 52), stating that she did not file papers to

oppose defendant's summary judgment motion because she was awaiting this court's

ruling on the stay motion (Item 52, ¶ 17).  On November 4, 2011, this court vacated the

September 29, 2011 summary judgment and sanctions order to provide plaintiff with the

opportunity to file responses to defendant's motions (Item 54).  On December 5, 2011,

plaintiff moved to strike paragraphs 6-12 of the affidavit of Dr. Mahoney from

defendant's motion for summary judgment (Item 57), and filed responses in opposition

to defendant's motions for summary judgment and for sanctions (Items 55, 56).

Defendant filed a response to the motion to strike the affidavit on December 19, 2011

(Item 59) and replies in support of its motions for sanctions and for summary judgment

on December 20, 2011 (Items 61, 63).  The court determined that oral argument was

not necessary.  For the following reasons, defendant's motion for summary judgment is

granted and the complaint is dismissed, plaintiff's motion to strike the affidavit of Dr.

Mahoney is denied as moot, and defendant's motion for sanctions is denied.


## DISCUSSION

### I.    Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment is

warranted where "there is no genuine dispute as to any material fact. . .." Fed R. Civ. P.

56(a).  An issue is "genuine" if "the evidence is such that a reasonable jury could return

a verdict for the nonmoving party," and facts are "material" if they "might affect the

outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986).

The movant bears the burden of showing the absence of a genuine issue of

material fact, and the proffered evidence must be viewed in the light most favorable to

the nonmovant.  *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  If the

movant meets this burden, the burden then shifts to the nonmovant to come forward

with evidence "sufficient to satisfy every element of the claim."  *Holcomb v. Iona Coll.*,

521 F.3d 130, 137 (2d Cir. 2008).

Mere "conclusory statements, conjecture, or speculation by the party resisting the

motion will not defeat summary judgment."  *Kulak v. City of New York*, 88 F.3d 63, 71

(2d Cir.1996) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

587 (1986)).  "An opposing party's facts must be material and of a substantial nature,

not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions." *Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 n.14 (2d Cir.1981).

## II.    FDCPA Claims: 15 U.S.C. §§ 1692e, e(10), e(4), and e(5).

Plaintiff's claims before this court are that defendant violated 15 U.S.C. §§ 1692e, e(10), e(4), and e(5). The court will address these claims in turn.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e). The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

In this Circuit, the question of whether a debt collector's communication violates the FDCPA is determined from the perspective of the "least sophisticated consumer," in an effort to ensure that gullible and shrewd consumers alike are protected from abusive debt collection practices.  *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). While this standard protects the "uninformed, naive, or trusting" consumer, it also "protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices."  *Spira v. Ashwood Fin., Inc.*, 358 F.Supp.2d 150, 156 (E.D.N.Y. 2005) (citations omitted).

8

Under the FDCPA, debt collectors are prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).  According to plaintiff's complaint, defendant's debt collector, Ms. Toy, "stat[ed] that the case had just come into their office, when in fact Defendant had the account for a year" (Item 1, ¶ 22).  Plaintiff argues that defendant's characterization of the status of plaintiff's account created a false sense of urgency and was a false representation or deceptive means to collect the debt in violation of 15 U.S.C. § 1692(e)(10) (Item 1, ¶ 22).

Plaintiff's characterization of Ms. Toy's statement in the complaint does not correspond to the transcript of the telephone recording.  In the transcript, Ms. Toy says only that "I just received [the account] in my office today" (Item 32, Exh. C) (emphasis added), while plaintiff alleges in the complaint that the defendant deceptively stated "that the case had just come into their office" (Item 1, ¶ 22) (emphasis added).  By using the words "I" and "my," Ms. Toy clearly referred to the time when she, as the individual debt collector, received plaintiff's account, and not the time when defendant's collection agency received it.  Although Ms. Toy did not recall her actions specific to attempting to collect plaintiff's account, her practice was to contact debtors within a few days of receiving a debtor's file (Item 35, ¶ 17).  She made no representation as to when the account was assigned to defendant's collection agency and stated that "we usually give about thirty (30) days to see if the debtor is willing to pay" before the delinquency is posted to the debtor's credit report (Item 32, Exh. C).  Thus Ms. Toy's statement, that she just received the account in her office, would merely serve to inform plaintiff that

9

she had approximately 30 days in which to address the delinquent account.  This statement is neither false nor misleading and does not create any false sense of urgency.  Arguably, plaintiff could have felt that she had more time, not less, to address the delinquent account.  Based on the record, no reasonable juror could conclude that Ms. Toy's representation to plaintiff that the account came into her office on April 1, 2009 was a false or misleading attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

The FDCPA also prohibits debt collectors from "represent[ing] or impl[ying] that nonpayment of any debt will result in … the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action," 15 U.S.C. § 1692e(4), and from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." *Id.* § 1692e(5).  Plaintiff alleges in her complaint that defendant violated these subsections "by stating nonpayment of the debt will result in garnishment of her wages, an action that Defendant does not intend to pursue and cannot legally pursue" (Item 1, ¶ 22).

Again, however, plaintiff's allegations in her complaint do not comport with the transcript of the telephone conversation.  Nowhere in the conversation does Ms. Toy state or imply that defendant will garnish her wages or threaten to sue her.  Instead, the transcript reveals a question-and-answer conversation between plaintiff and Ms. Toy regarding the procedures for debt settlement, wage garnishment, and notifying credit reporting agencies (Item 32, Exh. C).  Where plaintiff and Ms. Toy discussed wage garnishment, Ms. Toy repeatedly advised plaintiff that "they" – the dental office – <u>can</u>

10

pursue wage garnishment only after "they" sue her and "they" obtain a court ordered judgment. *Id.* (emphasis added). Ms. Toy did not state that the dental office or defendant <u>will</u> pursue wage garnishment and referred to defendant's collection agency as "we" throughout the conversation.  *Id.*  When discussing actions that defendant could take, Ms. Toy clearly stated that "[w]e can't do settlements," and that "we post it to your credit report."  *Id.*  In contrast, when responding to a question apparently hypothetically posed by plaintiff regarding how dental offices might pursue wage garnishment, Ms. Toy did not use the word "we" at all, and instead consistently referred to a hypothetical dental office as "they."

Unfortunately, and somewhat curiously, plaintiff's questions were not recorded and transcribed, but she admitted at her deposition that she was asking questions in the hopes of reaching a settlement and to learn whether this debt would be posted to her credit report (Item 32, Exh. E, pp. 62-63).  Plaintiff did not recall what questions she asked to elicit these responses from Ms. Toy *(Id.,* p. 65-69), but a common sense reading of the transcript indicates clearly that she was asking Ms. Toy about the consequences of not paying this debt (Item 32, Exh. C).  A communication "that merely advises that the creditor has various options to pursue if the debtor fails to make payment does not constitute a threat."  *Nichols v. Frederick J. Hanna & Assocs., PC*, 760 F.Supp.2d 275, 280 (N.D.N.Y. 2011); *see also Herzlinger v. Nichter,* 2011 WL 1434609, *5 (S.D.N.Y. Februry 9, 2011) (quoting *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2d Cir. 1993) ("A threat exists where the least sophisticated consumer 'would interpret th[e] language to mean that legal action was authorized,

likely, and imminent.'"); *Sparks v. Phillips & Cohen Assocs*., 641 F.Supp.2d 1234, 1250 (S.D.Ala. 2008) ("[T]he mere statement by [debt collector] that [debt collector] can compel the sale of the [debtor's] house cannot reasonably be construed as a threat that it will do so," as "that statement simply placed [debtor] on notice of [debt collector's] options.").

Considering the transcript of the telephone conversation in context and as a whole, it would be unreasonable, even for the least sophisticated consumer, to conclude that Ms. Toy represented that nonpayment of plaintiff's debt would result in any specific action other than posting the debt to plaintiff's credit report after 30 days. Ms. Toy did not threaten to take any illegal or unintended action in violation of § 1692e(5), nor did she represent that nonpayment of plaintiff's debt would result in any unlawful or unintended action in violation of § 1692e(4).  She merely responded to plaintiff's inquiries and provided a general overview of the legal options available to the creditor.   Accordingly, as no reasonable jury could conclude that defendant violated the relevant sections of the FDCPA, defendant's motion for summary judgment is granted and the complaint is dismissed.

### III.    Plaintiff's Motion to Strike Dr. Mahoney's Affidavit

It was unnecessary for the court to consider the affidavit of Dr. Mahoney in concluding that defendant did not violate the FDCPA.  Accordingly, plaintiff's motion to strike paragraphs 6 through 12 of the affidavit is denied as moot.

## IV.    FDCPA Attorney's Fees

The FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3).  Defendant argues that because plaintiff had formal FDCPA training and manipulated the statements of the defendant's agent, plaintiff brought this action in bad faith and for the purpose of harassing defendant, and thus, this court should grant defendant reasonable attorney's fees (Item 36, p. 21).

While plaintiff and her counsel are well-versed in the FDCPA and plaintiff's FDCPA claims ultimately have been shown to lack merit, there is no discernible evidence that the action was brought in bad faith and for the purpose of harassment.  It is peculiar that plaintiff's telephone recording only recorded Ms. Toy's side of the conversation and that the questions asked appear to attempt to lead Ms. Toy into committing FDCPA violations.  However, there is no clear evidence that the action was brought in bad faith and for the purpose of harassment, and therefore FDCPA statutory attorney's fees are not warranted in this case.

## V.    Federal Rule of Civil Procedure 37(c)(2)

Federal Rule of Civil Procedure 37 provides that a party who refuses to admit facts contained in a notice to admit may be required to pay attorney's fees to its adversary if the facts are ultimately established.  Fed. R. Civ. P. 37(c)(2).  Defendant argues that plaintiff denied certain requests for admissions, but later admitted the relevant facts at her deposition.  Accordingly, defendant argues that the court should

grant defendant reasonable attorney's fees incurred to prove those admissions (Item 36, p. 21).  Plaintiff states that her responses were not unreasonable or misleading, and the requests for admission were vague, ambiguous and of no substantial importance.

The court has reviewed the requests for admission, plaintiff's responses thereto, and the relevant portions of plaintiff's deposition transcript.  The requests for admission sought information regarding whether plaintiff responded to the first collection letter, whether she disputed the debt, and whether she posed multiple questions to defendant's representative during the telephone call of April 1, 2009.  Rule 37(c)(2)(B) provides that a party's failure to admit a matter that is later proven to be true will not result in an award of attorney's fees if "the admission sought was of no substantial importance."  As none of these requests at issue seeks information of substantial importance to the determination of plaintiff's claim, sanctions under this Rule are not appropriate.

## VI.    Plaintiff's Counsel's Liability for Costs pursuant to 28 U.S.C. § 1927

"Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  In this Circuit, courts have held that "[s]anctions may be imposed ... [pursuant to § 1927] 'only when there is a finding of conduct constituting or akin to bad faith.' " *Konits v. Karahalis*, 409 Fed. Appx. 418, 423 (2d Cir. 2011) (quoting *In re 60 E. 80th St. Equities, Inc*., 218 F.3d 109, 115 (2d Cir. 2000) (internal cite omitted)).  As this court has

already determined that plaintiff's counsel did not act in bad faith, sanctions pursuant to

28 U.S.C. § 1927 are inappropriate in this case.

### VII.   Rule 11 Sanctions

Federal Rule of Civil Procedure 11 confers on district courts the authority to

sanction litigants or counsel and provides in relevant part:

> (b) By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> …
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . ..

Fed. R. Civ. P. 11(b).  To establish a violation of Rule 11(b)(2), it must be "patently clear

that a claim has absolutely no chance of success...."  *E. Gluck Corp. v. Rothenhous*,

252 F.R.D. 175, 179 (S.D.N.Y. 2008).  Under Rule 11(b)(3), "sanctions may not be

imposed unless a particular allegation is utterly lacking in support ."  *Storey v. Cello*

*Holdings, L.L.C.,* 347 F.3d 370, 388 (2d Cir. 2003); *O'Brien v. Alexander,* 101 F.3d

1479, 1489 (2d Cir. 1996).

Defendant served plaintiff with notice of its intent to pursue Rule 11 sanctions on

October 28, 2010, complying with Rule 11's procedural safe-harbor requirements.  In

response, plaintiff withdrew her claim that defendant had failed to identify itself as a debt

collector.  Defendant then filed a Rule 11 motion with this court separate from its motion for summary judgment on November 26, 2010, alleging that plaintiff and her counsel were well-versed in the FDCPA and knew from the inception of this action that her claims had no factual basis (*see generally* Item 29 at 8-15).

The court finds this a close and troubling case. Plaintiff's remaining claims relied on a telephone call recording that only captured one side of a question-and-answer conversation.  The complaint takes out of context Ms. Toy's words from the transcript and even misquotes them to create a colorable claim under the FDCPA.  A common sense reading of the transcript indicates that Ms. Toy did not threaten to garnish plaintiff's wages, represent that any illegal or unintended action would be taken against her, or mislead her as to how long she or defendant had the account in their office.  As plaintiff chose to telephone the defendant and only recorded Ms. Toy's end of the conversation, the conversation could be interpreted as an attempt by plaintiff to bait defendant into a violation of the FDCPA.

The court has found plaintiff's arguments unpersuasive and her claims lacking in merit.  However, the claims were at least colorable in that plaintiff was able to frame an argument that the statute was in fact violated.  Accordingly, the court finds that plaintiff's FDCPA claims were not "utterly lacking in support," plaintiff's attorney did not violate Fed. R. Civ. P. 11, and the defendant's motion for sanctions is denied.

## CONCLUSION

Based on the foregoing analysis and having drawn all reasonable inferences in the nonmovant's favor, defendant's motion for summary judgment (Item 32) is granted and the complaint is dismissed.  As the court did not rely on the affidavit of Dr. Mahoney in its analysis, plaintiff's motion to strike the affidavit (Item 57) is denied as moot. Defendant's motions for sanctions (Item 29) is denied.

So Ordered.

_____\s\ John T. Curtin_____

JOHN T. CURTIN

United States District Judge

Dated:   March   15   , 2012

p:\pending\2009\09-627.mar1412

17